**CIVIL ACTION NO. 7:19-cv-00092**

IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS – MIDLAND/ODESSA DIVISION

CASCADE PROCESS CONTROLS, INC.
*Plaintiff*

V.

POWERTECH ENERGY, INC.
*Defendant*

**PLAINTIFF'S ORIGINAL COMPLAINT**

CHARLES MOSTER, ESQ.
B. BLAZE TAYLOR, ESQ.
THE MOSTER LAW FIRM, P.C.
4920 S. LOOP 289, STE. 101
LUBBOCK, TX 79414

*Counsel for Defendant*

CIVIL ACTION NO. 7:19-CV-00092

| | | |
|---|---|---|
| DANIEL GUZMAN<br>*PLAINTIFF* | §<br>§<br>§ | |
| V. | §<br>§ | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS |
| CASCADE PROCESS CONTROLS, INC.<br>*DEFENDANT* | §<br>§<br>§<br>§ | SAN ANTONIO DIVISION |
| | § | Jury Trial Waived |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW**, **Cascade Process Controls, Inc. (hereinafter "Plaintiff")** by and through its respective counsel of record and files this Plaintiff's Original Complaint as to **PowerTech Energy, Inc. (hereinafter "Defendant")**. In support of this Complaint Plaintiff would show this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for unpaid due amounts, such amounts due under valid contract for services rendered as between Plaintiff and Defendant; to wit, that Plaintiff performed its end of the bargained for exchange via services rendered, and Defendant failed to pay for such services rendered.

2. As is outlined below, diversity jurisdiction is satisfied in this case and such jurisdiction falls under the guidance and application of Texas law.

3. Thus, Plaintiff brings the following causes of action under Texas law: Breach of Contract, Fraud in the Inducement, Unjust Enrichment, Conversion, and

violations of the TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT (hereinafter "DTPA").

## II. PARTIES

4. Plaintiff incorporates by reference all of the statements and allegations as above set forth.

5. Plaintiff is a domestic Texas For-Profit Corporation, with its principal place of business located in Austin, Travis County, Texas. Plaintiff may be served through its counsel of record The Moster Law Firm, P.C. – B. Blaze Taylor, Esq, and Charles Moster, Esq., at 4920 South Loop 289, Suite 101, Lubbock, Texas 79414.

6. Defendant is a foreign corporation, with its principal place of business located at 14 – 1838 Harbour Street Port Coquitlam BC V3C 1A3 (British Columbia), and may be served by its President & Chief, to wit, Mr. Mike Warneboldt.

## III. JURISDICTION AND VENUE

7. Jurisdiction is conferred and made proper upon this Honorable Court by TITLE 28 USC § 1332 as set forth herein, to wit, that Plaintiff and Defendant are residents of different states, and the amount in dispute exceeds the jurisdictional amount required of $75,000.00 USD.

8. Venue is also proper in this case, as prescribed by TITLE 28 USC § 1391(b)(2).

### III. FACTUAL BACKGROUND

9. In 2018, Steve Downton with Lincoln TMS, representing PowerTech, contact agents of Plaintiff with regard to solicitation of a bid and job to be performed in West Texas.

10. Through these initial conversations the president of Plaintiff was finally contacted, to wit, Mr. Doug Corcoran.

11. After interim conversations, the following list of services to be provided by Plaintiff on behalf of and to benefit of Defendant was manifest as follows: (1) Request for help putting instruments on a skid mounted JT to strip certain BTUs out of the intended fuel gas; (2) Request for start up assistance for the unit, with 2 weeks of on-site support tapering off to once a week checks and trouble calls; and (3) conversations about limited remote monitoring.

12. Once the contract was negotiated, agreed to, and executed, construction of the instruments on the JT skid were started and completed within approximately 1 to 1-1/2 weeks, as there was great pressure to get the required generator(s) into running service.

13. Thereafter, construction start up support was supplied by Plaintiff, in addition to at least one person making trips to the job site two times per day for the first two weeks.

14. These technicians would primarily check on the specific items installed on the JT skid(s), and repair as necessary in addition to reporting any shutdown events.

15. Per the agreement between Plaintiff and Defendant, after this initial two-week period Plaintiff faithfully provided at least one qualified technician to check on the unit of work once per week, in the same capacity as the previous technicians so provided by Plaintiff.

16. However, upon multiple shutdowns of the main unit of work, Cascade received a site meeting request with Defendant.

17. Upon arrival on site Plaintiff and Defendant discussed in detail those things needed by all parties involved in order to effectively remedy the situation, to wit, that Plaintiff would provide qualified technicians daily to monitor and record information on the skid, and be available for shut down events as well.

18. The specific technicians provided by Cascade after this meeting were Justin Osadchuck, and Bryant Franco.

19. Not long thereafter it became readily apparent and obvious to Cascade that proper payment for services rendered was not being remitted to Plaintiff by Defendant.

20. After Plaintiff made inquiry and investigation into these overdue payments, Cascade was informed that Defendant was being paid and that checks would begin to be paid to Plaintiff going forward.

21. However, though Plaintiff continued to rely on these promises of payment by continuing to supply labor as required, Defendant continued to fail to make those promised payments.

22. After continually being led astray by Defendant in this regard, Plaintiff finally pulled his technicians out of the job site, and ceased operations in this regard.

23. Over the next several months Defendant continued to reassure Plaintiff that the money and payments were coming, though to this day Defendant has failed to remit any such payments to Plaintiff.

## IV. BREACH OF CONTRACT

1. Plaintiff incorporates by reference all of the allegations, statements, and references as above set forth.

2. As referenced and outlined above, Plaintiff and Defendant entered into a valid contract, complete with an offer and acceptance of such offer by Plaintiff as to Defendant to complete certain work under clear and identifiable constraints and conditions for a contemplated sum certain.

3. Mutual assent was reached by all parties thereto, and made manifest by the synergistic actions of all parties to the same, communications of consent to the Agreement were manifested by the parties in actions and writings, and the Agreement was executed and delivered with a mutual understanding that the parties thereto would be thereunder bound.

4. Plaintiff delivered labor and services as required throughout the process under the Agreement, in essence performing its end of the bargained for exchange, and thus Plaintiff tendered proper and full performance.

5. However, though the Agreement provided expressly for payments to be made in relation to the services and labor provided by Plaintiff, such payments to be rendered by Defendant, Defendant failed to make or render such payments.

6. Defendant, nonetheless, continued to promise Plaintiff that proper payments were coming, and based upon these continued promises of Defendant to conform to the Agreement Plaintiff continued to render services and labor on Defendant's behalf.

7. Yet, overall Defendant never remitted the required payments in full, nor did Defendant make good on its promises to remit full and final payment to Plaintiff for such services and labor rendered.

8. As a result, Plaintiff has been burdened unduly by having rendered extensive labor and services on behalf of Defendant, and in reliance upon Defendant's promises under the Agreement, and thus Plaintiff has been damaged in an amount of approximately $120,000.00 USD in overdue payments and attorney's fees necessary to prosecute this case.

### V.   COUNT 2—FRAUD IN THE INDUCEMENT

9. Plaintiff incorporates by reference all of the allegations, statements, and references as above set forth.

10. Defendant promised to pay the amounts required to be paid to Plaintiff, as stipulated to within the Agreement between Plaintiff and Defendant.

11. Defendant later, having failed to make such payments to Plaintiff, continued to promise Plaintiff such payments were coming soon, in order to continue to benefit from Plaintiff's labor and services rendered upon Defendant's behalf.

12. However, Defendant ultimately failed to make such payments to Plaintiff.

13. It is clear from these facts that Defendant never intended to pay, or were never in a position to be able to pay, such amounts due to Plaintiff, to wit, a remaining amount owed of approximately $108,000.00 USD.

14. Thus, the above referenced misrepresentations and false statements were made by Defendant with knowledge of their falsity, or made recklessly without any knowledge of their truth as a positive assertion.

15. These misrepresentations and false statements made by Defendant were material in nature.

16. These misrepresentations and false statements by Defendant were made to deceive Plaintiff.

17. In reliance on the aforesaid misrepresentations and false statements of Defendant, Plaintiff entered into and performed its end of the bargain under the Agreement, ultimately to Plaintiff's overall detriment.

18. These misrepresentations and false statements by Defendant were made to induce Plaintiff to perform under the Agreement, to wit, that Plaintiff would remit over $108,000.00 USD worth of labor and services to Defendant without Defendant ever intending to, or being able to, pay the due amounts to Plaintiff for such labor and services rendered.

19. These misrepresentations and false statements were relied upon by Plaintiff, as evidenced by Plaintiff's *prima facie* compliance under the Agreement.

20. Defendant's actions and conduct were the proximate and producing cause of Plaintiff's damages and injuries in this regard.

21. As a result, Plaintiff has been burdened unduly by having rendered extensive labor and services on behalf of Defendant, and in reliance upon Defendant's promises under the Agreement, and thus Plaintiff has been damaged in an amount of approximately $120,000.00 USD in overdue payments and attorney's fees necessary to prosecute this case.

## VI. COUNT 3—UNJUST ENRICHMENT

22. Plaintiff incorporates by reference all of the allegations, statements, and references as above set forth.

23. Recovery under an unjust enrichment theory is not dependent upon any wrongdoing by the opposing party. Rather it is a principle holding that one who receives benefits unjustly should make restitution for those benefits, and is qualified as both a claim at equity and in law.[1]

---

[1] *See Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App. Corpus Christi 2002); *City of the Colony v. North Texas Mun. Water Dist.*, 272 S.W.3d 699, 731 (Tex. App. Fort Worth 2008); *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270, 160 O.G.R. 99 (Tex. App. San Antonio 2004); *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 921 (Tex. 2010); *Miga v. Jensen*, 299 S.W.3d 98, 105 (Tex. 2009); *Excess Underwriters at Lloyd's v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 62 (Tex. 2008); *BMG Direct Mktg. v. Peake*, 178 S.W.3d 763, 770 (Tex. 2005); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998) (citing *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986)); *Sw. Elec. Power Co. v. Burlington N. R.R.*, 966 S.W.2d 467, 471 (Tex. 1998); *Heritage Res., Inc. v. Nationsbank*, 939 S.W.2d 118, 123 (Tex. 1996) (citing *Gavenda*, 705 S.W.2d at 692); *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citing *Pope v. Garrett*, 211 S.W.2d 559, 560, 562 (Tex. 1948)); *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 692 (Tex. 1986); *Austin v. Duval*, 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ denied).

24. Defendant obtained a benefit unjustly from Plaintiff, as above and herein described.

25. The benefit obtained by Defendant was the result of Defendant taking an unfair advantage of Plaintiff.

26. Plaintiff suffered injury and was damaged as a result of the aforementioned.

27. As a result, Plaintiff has been burdened unduly by having rendered extensive labor and services on behalf of Defendant, and in reliance upon Defendant's promises under the Agreement, and thus Plaintiff has been damaged in an approximate amount of $120,000.00 USD in overdue payments and attorney's fees necessary to prosecute this case

## X.   COUNT 6—DTPA VIOLATIONS

28. Plaintiff incorporates by reference all of the allegations, statements, and references as above set forth.

29. As prescribed by and under TEX. BUS. COM. CODE § 17.46 *et seq.*, Defendant in regard to this Petition and all causes of action and facts pled herein has, in addition, violated such provisions as follows:

   A. Defendant failed to disclose information to Plaintiff, to wit, that Defendant was not capable of providing the services and payments they represented themselves to possess, which was known by Defendant at the time of the transaction and such failure to disclose was intended to induce Plaintiff into the transaction into which

      Plaintiff would otherwise not have entered had it known of Defendant's lack of ability to perform fully under the Agreement; *and*

  **B.** Defendant falsely advertised services and payments which it never intended to provide as advertised.

30. Plaintiff relied on the false, misleading, and deceptive acts of Defendant as above described, to Plaintiff's overall detriment.

31. Defendant's bad acts as above described caused Plaintiff to incur economic and monetary damages, as well as undue mental anguish.

32. Defendant acted in this regard with knowledge and intent to so mislead and deceive Plaintiff.

33. As a result, Plaintiff has been burdened unduly by having rendered extensive labor and services on behalf of Defendant, and in reliance upon Defendant's promises under the Agreement, and thus Plaintiff has been damaged in an amount of approximately $120,000.00 USD in overdue payments and attorney's fees necessary to prosecute this case.

## X.    JURY DEMAND WAIVED

34. Plaintiff hereby respectfully waives a trial by jury on all matters herein presented, and instead presents these issues to this Honorable Court.

## XI.    REQUEST FOR DISCLOSURE

35. Pursuant to TEX. R. CIV. P. 194, you are requested to disclose, within 50 days of service of this request, the information or material described in RULE 194.2 *et seq.*

## XII. PRAYER

36. Plaintiff incorporates by reference all of the allegations, statements, and references as above set forth.

37. Plaintiff respectfully requests that it be granted judgment in its favor with respect to all causes of action herein asserted.

38. **WHEREFORE**, **THE FOREGOING CONSIDERED**, Plaintiff avers that all conditions precedent have been performed or have occurred, and hereby request that Defendant be cited to appear and answer and that on final trial Plaintiff have:

   A. Judgment against Defendant in an amount in excess of $100,000.00 USD but less than $200,000.00 USD, such specific amount to be determined at trial with prejudgment interest thereon and postjudgment interest thereon at the current legal rate of 5.50% from the date of judgment until fully paid;

   B. Judgment against Defendant for attorney's fees incurred in this matter, as outlined within TEX. CIV. PRAC. & REM. CODE, CH. 38, SEC. 38.001;

   C. Judgment against Defendant for all fees and costs of court;

   D. Judgment against Defendant for exemplary, mental anguish, and treble damages; *and*

   E. Such other and further relief to which Plaintiff may show itself as otherwise justly entitled to receive.

Respectfully submitted,

| | |
|---|---|
| **/s/ Charles A. Moster, Esq.** | **/s/ B. Blaze Taylor, Esq.** |
| Charles A. Moster, Esq. | B. Blaze Taylor, Esq. |
| State Bar No. 00797782 | State Bar No. 24106495 |
| **THE MOSTER LAW FIRM, P.C.** | **THE MOSTER LAW FIRM, P.C.** |
| 4920 South Loop 289, Suite 101 | 4920 South Loop 289, Suite 101 |
| Lubbock, TX 79414 | Lubbock, TX 79414 |
| cmoster@themosterlawfirm.com | btaylor@themosterlawfirm.com |
| Phone: (806) 778-6486 | Phone: (806) 778-6486 |
| Facsimile: (806) 302-7046 | Facsimile: (866) 302-7046 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |